**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.  20-cr-00362-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SARAH ALBERG,

    Defendant.

---

## INFORMATION

---

The United States Attorney charges:

### COUNT 1

At all times relevant to this Information, unless otherwise indicated:

I. **INTRODUCTION**

1.    The United States Food and Drug Administration ("FDA") was the federal agency responsible for protecting the health and safety of the public by enforcing the Federal Food, Drug, and Cosmetic Act ("FDCA"), by ensuring that drugs intended for use in humans were safe and effective for their intended uses, and by ensuring that the labeling of such drugs bore true and accurate information.  Pursuant to that responsibility, the FDA published and administered regulations relating to the approval, manufacture, labeling and distribution of drugs.

2.    The FDCA defined "drug" as, among other things, (a) articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or

other animals, 21 U.S.C. § 321(g)(1)(B); (b) articles (other than food) intended to affect the structure or function of the body of man or other animals, 21 U.S.C. § 321(g)(1)(C); and (c) articles intended for use as a component of any articles specified in (a) or (b), 21 U.S.C. § 321(g)(1)(D).  The "intended use" was based on the objective intent of the person responsible for the labeling, of the drug, including the circumstances surrounding the distribution of the article.  21 C.F.R. § 201.128.

3. A "label" under the FDCA was a display of written, printed, or graphic matter upon the immediate container of any article.  21 U.S.C. § 321(k).  The verb "labeling" under the FDCA was broader and included all labels and other written, printed or graphic matter upon any article, including drugs, or on any of its containers or wrappers, or accompanying any such article.  21 U.S.C. § 321(m).

4. Every person, upon first engaging in the manufacture, preparation, propagation, compounding, or processing of a drug or drugs in any establishment which he owns or operates in any State, was required to immediately register the name of such person, place of business of such person, all such establishments, the unique facility identifier of each establishment, and a point of contact email address.  21 U.S.C. § 360(b)(1) and (c).

5. The terms "manufacture, preparation, propagation, compounding, and processing" included repackaging or otherwise changing the container, wrapper, or labeling of any drug package in furtherance of the distribution of the drug from the original place of manufacturer to the person who makes final delivery or sale to the ultimate consumer or user. 21 U.S.C. § 360(a)(1).

6. The failure to register in accordance with 21 U.S.C. § 360 was a prohibited act under the FDCA.  21 U.S.C. § 331(p).

7. The FDCA prohibited the introduction or delivery for introduction, or causing the introduction or delivery for introduction, into interstate commerce of any drug that is misbranded or adulterated.  21 U.S.C. § 331(a).

8. A drug could be misbranded under the FDCA in many different ways, including but not limited to:

    a. If its labeling was false or misleading in any particular, 21 U.S.C. § 352(a);

    b. If its labeling did not bear the name and place of business of the manufacturer, packer, or distributor, including the street address, city and zip code, 21 U.S.C. § 352(b), 21 C.F.R. § 201.1(i); or

    c. If it was manufactured, prepared, propagated, compounded, or processed in any establishment in any State not duly registered with the Secretary of Health and Human Services pursuant to 21 U.S.C. § 360, 21 U.S.C. § 352(o).

9. Human chorionic gonadotropin (HCG) was a hormone produced by the human placenta and found in the urine of pregnant women.  HCG was FDA-approved for the treatment of select cases of female infertility and hormone treatment in men. FDA-approved HCG products were only available in injection-form and required a prescription from a licensed medical professional. HCG was not approved for use without a prescription for any purpose, and there were no FDA-approved HCG products for weight loss.  In fact, the HCG prescription drug label noted that there "is no

substantial evidence that it increases weight loss beyond that resulting from caloric restriction, that it causes a more attractive or 'normal' distribution of fat, or that it decreases the hunger and discomfort associated with calorie-restricted diets."

10. On or about February 14, 2020, in the State and District of Colorado, the defendant SARAH ALBERG with the intent to defraud and mislead, did introduce and deliver for introduction and cause to be introduced and delivered for introduction into interstate commerce, from the state of Colorado to the state of Kansas, a drug, HCG that was misbranded (1) as defined at Title 21, United States Code, Section 352(a), in that the label was false or misleading in its statement that it was "made in the USA," (2) as defined at Title 21, United States Code, Section 352(b) in that the label did not bear the name and place of business of the manufacturer, and (3) as defined at 21 U.S.C. § 352(o), in that the drug was manufactured in an established which was not registered with the Secretary of Health and Human Services, as required under Title 21, United States Code, Section 360.

All in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2).

JASON R. DUNN
United States Attorney

By: *s/Bryan David Fields*
Bryan David Fields
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California St., Ste. 1600
Denver, CO 80202
Telephone: 303-454-0200
Fax:  303-454-0406
E-mail:  Bryan.Fields3@usdoj.gov
Attorney for Government