IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

**Judge Daniel D. Domenico**

Criminal Action No. 1:20-cr-00362-DDD-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SARAH ALBERG,

    Defendant.

---

**ORDER GRANTING UNOPPOSED MOTION TO
CONDUCT CHANGE OF PLEA HEARING BY VIDEO**

---

Before the court is Defendant's Unopposed Motion to Conduct Hearing by Video [Doc. 14]. The court grants the motion and sets Defendant's change-of-plea hearing to be conducted by video teleconference ("VTC"), or by telephone conference if VTC is not reasonably available.

On March 13, 2020, the President of the United States declared a national emergency pursuant to the National Emergencies Act, 50 U.S.C. §§ 1601-51, in response to the COVID-19 pandemic. *See* Donald J. Trump, *Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak* (Mar. 13, 2020), https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak.

On March 27, 2020, Congress passed and the President signed into law the Coronavirus Aid, Relief, and Economic Security Act ("CARES

Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). The CARES Act authorized the Judicial Conference of the United States to provide authority to chief district judges to permit certain criminal proceedings to be conducted by VTC or telephone conference. *See* CARES Act § 15002(b).

On March 29, 2020, the Judicial Conference of the United States found, pursuant to CARES Act Section 15002(b), that "emergency conditions due to the national emergency declared by the President with respect to COVID-19 will materially affect the functioning of the federal courts generally." *Judiciary Authorizes Video/Audio Access During COVID-19 Pandemic* (Mar. 31, 2020), https://www.uscourts.gov/news/2020/03/31/judiciary-authorizes-videoaudio-access-during-covid-19-pandemic.

On April 6, 2020, Philip A. Brimmer, Chief Judge of the United States District Court for the District of Colorado, issued District Court General Order 2020-4, authorizing the use of VTC, or telephone conferencing if VTC is not reasonably available, for the events listed in CARES Act Section 15002(b)(1), and specifically finding pursuant to CARES Act Section 15002(b)(2) that that felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety. CARES Act Findings Re Crim. Proc., Dist. Ct. Gen. Order 2020-4, http://www.cod.uscourts.gov/Portals/0/Documents/Orders/GO_2020-4_CARES_Act_Findings.pdf. Pursuant to CARES Act Section 15002(b)(3), Chief Judge Brimmer has extended those findings multiple times, most recently in General Order 2020-22, which extends General Order 2020-4 to March 24, 2021. Extension of CARES Act Findings Re Crim. Proc., Dist. Ct. Gen. Order 2020-22, http://www.cod.uscourts.gov/Portals/0/Documents/Orders/GO_2020-22_CARES_Act_Extension.pdf.

Pursuant to CARES Act Section 15002(b)(2)(A), this court finds that the change-of-plea hearing in this case cannot be further delayed without serious harm to the interests of justice. Defendant reached a preindictment disposition with the government, and the parties wish to avoid delay in proceeding with the terms of the plea agreement, which requires Defendant's continued cooperation with ongoing investigations. [Mot., Doc. 14.] The pandemic continues to cause ongoing disruptions to court operations, and the court cannot continue the hearing indefinitely. For these specific reasons, and given the need for speedy and efficient administration of justice, the court finds that Defendant's change-of-plea hearing cannot be further delayed without serious harm to the interests of justice.

Pursuant to CARES Act Section 15002(b)(4), Defendant consents, after consultation with counsel, to conducting the change-of-plea hearing by VTC or telephone conferencing. [Mot., Doc. 14 at 2.]

Accordingly, it is ORDERED that:

Defendant's Unopposed Motion to Conduct Hearing by Video [Doc. 14] is GRANTED;

The Change of Plea Hearing set for January 6, 2021 at 3:30 p.m. shall be conducted by VTC, or by telephone conference if VTC is not reasonably available. The court will confirm the Defendant's consent to proceeding in this manner on the record at the hearing;

Signed copies of the Plea Agreement and the Statement by Defendant in Advance of Plea of Guilty shall be delivered to the Courtroom Deputy via email (patricia_glover@cod.uscourts.gov) no later than the time of the hearing pursuant to Local Crim. R. 11.1(e);

Counsel are directed to contact the Courtroom Deputy via email (patricia_glover@cod.uscourts.gov) no later than **9:00 a.m. Tuesday, January 5, 2021** for instructions on how to proceed by VTC;

Defense counsel shall ensure that reliable video conferencing arrangements are made for the Defendant from a room where there will be no interruptions and that has a connection with sufficient bandwidth;

In the event that Defendant's release on bond is revoked before the Change of Plea Hearing, the U.S. Marshal's Service is directed to ensure that Defendant will be available to participate in the hearing from the detention facility where she is housed;

Members of the public may attend the Change of Plea Hearing by teleconference at (866) 390-1828, using Access Code 9792296#; and

All persons participating in court proceedings remotely by VTC or teleconference are prohibited, under penalty of contempt, from recording or broadcasting the proceeding in any manner.

DATED: January 4, 2021     BY THE COURT:

Hon. Daniel D. Domenico