IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00362-DDD

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**SARAH ALBERG,**

    Defendant.

---

**GOVERNMENT'S MOTION FOR SENTENCING REDUCTION FOR DEFENDANT PURSUANT TO U.S.S.G. § 5K1.1**

---

Defendant Sarah Alberg is scheduled to be sentenced on August 9, 2021 at 3:30 p.m. For the reasons set forth below, the United States of America, by and through Matthew T. Kirsch, Acting United States Attorney for the District of Colorado, and Bryan David Fields, Assistant United States Attorney, respectfully moves, pursuant to section 5K1.1 of the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G.") for the Court, in its discretion, to credit the defendant for her substantial assistance in this matter. As set forth more fully below, the defendant's cooperation has contributed to active investigations of other businesses suspected of selling misbranded and adulterated human chorionic gonadotropin ("HCG") drugs. The government recommends probation and a reduced fine.

## I. BACKGROUND

The defendant marketed and sold misbranded and adulterated drugs through the internet. The details of her offense are set accurately set forth in the plea agreement between the parties. ECF No. 19. The plea agreement's preliminary guideline calculation estimated an offense level of 4 and a criminal history category of II. ECF No. 19. The PSR calculates that same offense level, but a criminal history category of III. ECF No. 25. Whether the criminal history category is II or III, the advisory guideline sentencing range in this case is 0-6 months.

## II. SUBSTANTIAL ASSISTANCE

Agents with the Food and Drug Administration's Office of Criminal Investigations executed a search warrant at the defendant's home in May 2020. Almost immediately, she agreed to cooperate. Through counsel, she arranged for a meeting with the government to provide a detailed description of the origins of her business, its major customers and rivals, and relevant information about others' knowledge that HCG drugs sold through interstate commerce were, in fact, misbranded and adulterated. Ultimately, she agreed to take responsibility for her actions, waive her right to be indicted by a grand jury, and plead guilty to an information. These actions have substantially conserved the resources of the Grand Jury, the government, and the Court.

In addition, the information provided by the defendant has spurred additional investigative efforts, which have yielded the seizure of funds from

another business suspected of selling misbranded and adulterated HCG drugs, and search warrants yielding evidence related to other businesses' sale of those same drugs. Those investigative efforts have also, at least temporarily, stopped those businesses from selling the suspected adulterated and misbranded drugs to others in interstate commerce.

In this case, a departure motion would not substantially change the recommended guideline range of imprisonment. The government requests that the Court take the defendant's cooperation into account by imposing a sentence at the bottom of the recommended guideline range. Practically speaking, in this case that means a sentence of probation. To the extent the Court is inclined to impose a fine in this matter, the government also requests that the Court use its discretion to fashion a fine that also takes into account the defendant's cooperation. If this were a case where a jail sentence were recommended, the government would request a 20% reduction in that sentence. Since a custodial sentence is unnecessary to achieve the goals of sentencing, as reflected in the Guideline Recommendation, the government requests that the Court reduce any fine by a similar 20%.

A sentence of probation, but a reduced fine, would take into account the seriousness of the offense, which the defendant perpetrated for years despite having previously reported another for the same offense. It would also take into account the history and characteristics of the defendant recounted in the PSR. A sentence that included a fine, albeit a reduced one, would also support both general and

3

specific deterrence, as well as respect for the law. It would send a message that crime does not pay and remind this particular defendant that violations of the law have consequences.   Such a sentence would also, as set forth above, take into account the recommendations of the Sentencing Commission.

### III.   CONCLUSION

For the reasons discussed above, the defendant provided substantial assistance in several ongoing investigations.   The government, therefore, moves the Court, in its discretion, to grant a departure pursuant to Section 5K1.1 that would result in a sentence of probation and reduced fine.

Respectfully Submitted

MATTHEW T. KIRSCH
ACTING UNITED STATES ATTORNEY

by:   */s/ Bryan David Fields*
BRYAN DAVID FIELDS
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
(303) 454-0100 (phone)
(303) 454-0403 (fax)
bryan.fields3@usdoj.gov (email)

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1)).

by:   */s/ Bryan David Fields*
BRYAN DAVID FIELDS

**CERTIFICATE OF SERVICE** (CM/ECF)

**I HEREBY CERTIFY** that I have, this 26th Day of July, 2021, electronically filed the foregoing Motion with the Clerk of Court using the ECF system, which will send notification of such filing to all counsel of record.

by:  */s/ Bryan David Fields*
BRYAN DAVID FIELDS
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
(303) 454-0100 (phone)
(303) 454-0403 (fax)
bryan.fields3@usdoj.gov (email)