IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Criminal Case No. 20-cr-00362-DDD**

**UNITED STATES OF AMERICA,**

 **Plaintiff,**

**v.**

**SARAH ALBERG,**

 **Defendant.**

---

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR EARLY RELEASE FROM PROBATION [ECF No. 6]**

---

 The United States of America, by Cole Finegan, United States Attorney for the District of Colorado, through Bryan David Fields, Assistant United States Attorney, hereby files this response to defendant Sarah Alberg's Motion for Early Termination from Probation (the "Motion"). ECF No. 43. The government objects to the Motion.

 1. The defendant pleaded guilty to an information charging her with introducing misbranded drugs into interstate commerce, ECF No. 19, and the Court sentenced her to three years of probation on August 11, 2021. ECF No 33. Only a bit more than halfway through that sentence, the defendant filed the Motion.

 2. The law allows for termination of supervised release "at any time after the expiration of one year of supervised release" pursuant to the procedures set forth in Federal Rule of Criminal Procedure 32.1.  18 U.S.C. § 3383(e)(1). In

1

evaluating this motion, the Court must consider the factors set forth at 18 U.S.C. § 3553(a) and evaluate whether release is in in the "interest of justice." *United States v. Begay*, 631 F.3d 1168, 1171-72 (10th Cir. 2011).

3. The government objects to early termination in this case. Early termination is not justified by reference to the 3553(a) factors. To the extent the defendant's motion seeks to excuse or justify her conduct, the government is concerned that granting the motion would actually undermine respect for the law, deterrence, and would not adequately take into account the seriousness of her offense. The defendant did not commit her crime because of mother's death, or because of drinking, or because of abuse. ECF No. 43 at 1. She was exploiting the social anxieties of consumers by selling misbranded weight loss drugs stored in a garage with rodent feces and manufactured in an unsterile environment at her kitchen table with foreign ingredients she smuggled into the United States because doing so allowed her to make $200,000 a year. ECF No. 25 at 53.

4. The defendant's crime was fundamentally one of deceit. Her motion raises serious concerns about whether she has learned her lesson. To take one example: the defendant asserts that the takeover of her mom's business in 2018 is what "led to my crime." ECF No. 43 at 1. But this is flatly contradicted by her plea agreement. She started committing the crime in at least 2010. Although she had been working with her mother to sell misbranded drugs since 2004, by 2010 she was so aware of its illegality that she was comfortable using that fact to gain leverage in a dispute with her mother. That year, she turned her mother into federal agents by

2

filing a complaint with the FDA. ECF No. 19 at 15. Despite clearly knowing that her chosen career was illegal, once the defendant had reconciled with her mother, she went back to selling those drugs in 2011 and engaged in various rebranding schemes to keep selling it right up until her arrest in 2020. ECF No. 19 at 15-16.

5. The defendant's motion also raises concerns about specific deterrence related to distributing human chorionic gonadotropin (HCG). She claims, without any specificity, that she had a plan to make "the business I was in legal." ECF No. 43 at 2. But there is no way to legally distribute oral HCG marketed as a weight loss drug: it doesn't cause weight loss and the extremely restrictive diet packaged along with it is "unhealthy" and "dangerous," being associated with adverse medical outcomes that have included cardiac arrest and death. ECF NO. 19 at 38 – 41.

6. The defendant's motion suggests that she was getting ready to end her business before she was caught by the FDA. ECF No. 43 at 2. But there is no evidence for this: she eagerly sold the drug to an undercover FDA agent in 2020 without any reference to winding down her operation. She ended her lucrative illegal business only because she got caught. ECF No. 19 at 16 – 18.

7. In short, there is nothing in the defendant's motion that should cause the court to re-evaluate any of the § 3553(a) factors that justified its sentence in the first place. Her crime deserved three years of probation in 2021 — not a year and half — and nothing since then undermines that judgment. Granting the defendant's motion would reward efforts to minimize, excuse, or even justify her crime, thus undermining general and specific deterrence and eroding respect for the law.

Furthermore, the continued term of probation will protect the public. The defendant asserts that she has stopped drinking. But the defendant also told probation she was a "social drinker" and denied an alcohol problem in 2021 despite a substantial history of alcohol abuse. ECF No. 25 at 71-74 and 97. If the defendant has stopped excessive drinking, the continued term of probation will provide an added level of deterrence to encourage this conduct. If she has not, probation provides a mechanism for corrective action.

8. For the reasons set forth above, the government objects to the relief requested in the defendant's motion.

                COLE FINEGAN
                United States Attorney
                District of Colorado

By:   s/ *Bryan David Fields*
       BRYAN DAVID FIELDS
       Assistant United States Attorney
       1801 California Street, Suite 1600
       Denver, CO 80202
       Telephone 303-454-0100
       Facsimile 303-454-0402
       Bryan.Fields3@usdoj.gov

**Certification of Type-Volume Limitation**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

                */s/ Bryan Fields*
                Bryan Fields

**Statement of Speedy Trial Impact**

Pursuant to Judge Domenico's Practice Standard III(C), the government notes that this filing has no effect on the speedy trial clock because it relates to post-judgment proceedings relating to a term of probation.

*/s/ Bryan Fields*
Bryan Fields

**CERTIFICATE OF SERVICE**

        I certify that on this 10th day of March, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record in this case. I also certify that the motion will be sent to the defendant's listed address via United States Postal Service or private commercial carrier.

        s/ *Bryan David Fields*
BRYAN DAVID FIELDS
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
Bryan.Fields3@usdoj.gov